UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
OSCAR SABOGAL and JESSICA BEJARANO,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, UNDERCOVER DETECTIVE #205, UNDERCOVER DETECTIVE #123, UNDERCOVER DETECTIVE #125, POLICE OFFICER JOSE SANDOVAL, Tax Reg. 940704, POLICE OFFICER DANIEL RAMIREZ, Tax Reg. 934087, LIEUTENANT PETER HSIEH, Tax Reg. 921431, and DETECTIVE LOUIS MEADE, Shield No. 7198,

                              Defendants.
-----------------------------------------------------------------------------

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

15-CV-2318 (ERK) (JO)

      Plaintiffs, OSCAR SABOGAL AND JESSICA BEJARANO, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Amended Complaint, respectfully allege, upon information and belief:

**PRELIMINARY STATEMENT**

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

      4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiffs, OSCAR SABOGAL and JESSICA BEJARANO, are, and have been, at all relevant times, residents of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about October 10, 2014, at approximately 10:20 p.m., plaintiffs OSCAR SABOGAL and JESSICA BEJARANO, were lawfully present in front the vicinity of 82nd Street and 37th Avenue in Queens County in the State of New York.

14. At that time and place, the plaintiffs saw an individual they know, briefly said hello, and continued walking.

15. Shortly thereafter, an undercover officer ran toward the plaintiffs and grabbed plaintiff OSCAR SABOGAL by the arm.

16. This individual did not identify himself as a police officer.

17. Shocked and frightened, plaintiff pushed him away and ran.

18. The defendant officer then identified himself as a police officer and the plaintiff stopped running.

19. The defendant undercover officer caught up with the plaintiff as several other officers arrived on the scene.

20. The defendants immediately placed plaintiff, SABOGAL in handcuffs.

21. Thereafter, the defendant officers began to kick and punch plaintiff about the head, face, and body.

22. None of the officers took any steps to intervene to stop or otherwise mitigate the unjustified physical force utilized against the plaintiff.

23. Plaintiff was then placed inside of an unmarked van.

24. While in the van, plaintiff vomited several times.

25. As a result of the physical force utilized against him, plaintiff suffered a concussion

and related symptoms including pain and ongoing headaches.

26. Plaintiff, JESSICA BEJARANO, did not see the above described beating and arrest.

27. She continuously called plaintiff SABOGAL's telephone until a New York City Police Officer answered approximately an hour later.

28. As a result of the subsequent conversation between the plaintiff and that officer, plaintiff BEJARANO went to the precinct where plaintiff SABOGAL was being held.

29. Upon her arrival at the precinct, plaintiff BEJARANO was taken into custody with her arms handcuffed tightly behind her back.

30. At no time on October 10, 2014 did plaintiffs commit any crime or violation of law.

31. At no time on October 10, 2014 did defendants posses probable cause to arrest the plaintiffs.

32. Plaintiffs were each held in custody for approximately twenty-four hours as a result of the defendants' unlawful actions.

33. As a result of the defendants' actions, each plaintiff was charged with Criminal Sale of Marijuana in the Fourth Degree and Unlawful Possession of Marijuana.

34. In connection with plaintiffs' arrests, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

35. Despite defendants' actions, the charges against plaintiffs were adjourned in contemplation of dismissal on February 19, 2015.

36. As a result of the foregoing, plaintiffs OSCAR SABOGAL and JESSICA BEJARANO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

37. All of the aforementioned acts of defendants, their agents, servants and employees,

were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiffs, OSCAR SABOGAL and JESSICA BEJARANO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

44. As a result of the foregoing, plaintiffs' liberty was restricted, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

45. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Queens County District Attorney's Office.

47. As a result, plaintiffs suffered deprivation of their liberty, as they were required to make numerous court appearances to contest the false accusations against them.

48. As a result of the foregoing, plaintiffs' liberty was restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff, OSCAR SABOGAL repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

50. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

51. As a result of the foregoing, plaintiff OSCAR SABOGAL suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

52. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiffs as described above.

54. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiffs as described above.

55. As a result of the foregoing, plaintiffs, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

### FIFTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

56. Plaintiffs, OSCAR SABOGAL AND JESSICA BEJARANO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

57. Defendants arrested and incarcerated plaintiffs, OSCAR SABOGAL AND JESSICA BEJARANO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

60. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

61. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, OSCAR SABOGAL and JESSICA BEJARANO.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules

of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were incarcerated unlawfully.

66.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

67.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

68.   All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 4, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
      80 Maiden Lane, 12th Floor
      New York, New York 10038
      (212) 962-1020

Docket No.15-cv-2318(ERK)(JO)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

---

OSCAR SABOGAL AND JESSICA BEJARANO,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, UNDER COVER DETECTIVE #205, UNDER COVER DETECTIVE #123, UNDER COVER DETECTIVE #125, POLICE OFFICER JOSE SANDOVAL, Tax Reg. 940704, POLICE OFFICER DANIEL RAMIREZ, Tax Re. 934087, LIEUTENANT PETER HSIEH, Tax Reg. 921431, and DETECTIVE LOUIS MEADE, Shield No. 7198,

                                      Defendants.

---

## AMENDED COMPLAINT

---

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiffs*
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020

---

TO:

| | |
|---|---|
| Corporation Counsel<br>CITY OF NEW YORK<br>c/o New York City Law Dept<br>100 Church Street<br>New York, New York 10007 | Undercover Detective #125<br>c/o NYC Police Dept-Narcotics Division<br>One Police Plaza<br>New York, New York 100038 |
| Undercover Detective #205<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, New York 100038 | P.O. Daniel Ramirez, Tax Reg. 934087<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, New York 100038 |
| Undercover Detective #123<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, New York 100038 | Lieutenant Peter Hsieh, Tax Reg. 921431<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, NY  100032 |

| | |
|---|---|
| P.O. Jose Sandoval, Tax Reg. 940704<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, New York 10038 | Detective Louis Meade, Shield No. 7198<br>c/o New York City Police Dept-<br>Narcotics Division<br>One Police Plaza<br>New York, New York 10038 |

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

_____
Matthew Shroyer